GRIFFIN HAMERSKY LLP

ATTORNEYS AT LAW

July 28, 2021

**Via ECF and E-mail**

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

  **Re:** **The Official Committee of Unsecured Creditors v. McKesson Corp.**
    **(Adv. Pro. 17-08264 (RDD));**
    **The Official Committee of Unsecured Creditors v. McKesson Pharmacy**
    **Systems LLC (Adv. Pro. 17-08265 (RDD)); and**
    **The Official Committee of Unsecured Creditors v. McKesson Specialty Care**
    **Distribution Corp. (Adv. Pro. 17-08266 (RDD))**

Dear Judge Drain:

  On behalf of Plaintiff, the Official Committee of Unsecured Creditors of The Great Atlantic & Pacific Tea Company, Inc., we write in brief reply to McKesson's letter of July 27.  In Plaintiff's view, the issue is simple.  McKesson has no right to submit a rebuttal report in response to Mr. Iampietro, because Fed. R. Civ. P. 26 states that rebuttal reports must be submitted within 30 days of the report they respond to.  McKesson's letter offers no authority to the contrary. Also, because McKesson does not have the right to submit a rebuttal report, it cannot have the right to seek discovery in connection with a rebuttal report, which in any event would be contrary to the parties' agreement as recorded in McKesson's letter to Court.  Further, as McKesson knows, the expert reports that Plaintiff will submit tomorrow do not address AmerisourceBergen, because they respond to McKesson's expert CBIZ, which does not discuss AmerisourceBergen.  Consequently, McKesson's subpoena should be quashed.

  Most of McKesson's letter is irrelevant, and much is wrong, particularly concerning Mr. Iampietro and the history of the parties' expert reports.  For example, McKesson's expert reports were in fact late, because the time to disclose experts had passed under two prior scheduling orders before McKesson chose to disclose any experts.  Also, Plaintiff served a document request on May 21 seeking documents about CBIZ and other issues, and reminded McKesson repeatedly, but still has received no documents.  In any event, the Court need not consider these issues to decide whether to quash McKesson's subpoena.  They, like McKesson's mischaracterizations of Mr. Iampietro's testimony, are irrelevant.  Accordingly, we again request that the Court schedule a conference to address quashing McKesson's Subpoena.

        Respectfully,

        /s/ Richard Milin

        Richard K. Milin

cc: Jeffrey K. Garfinkle, Esq.
  Tracy L. Klestadt, Esq.